

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Court
Southern District of Texas
FILED

MAR 23 2016

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | § |
| | | § |
| v. | | §    CRIMINAL NO. H-16- |
| | | § |
| JORGE ROJO-VILLA, | (1) | § |
| (cts. 1 – 4) | | § |
| JOSE ROJO-VILLA, a/k/a "Pepe", | (2) | §    16 CR 0126 |
| (cts. 1 and 3) | | § |
| MARIA VILLA, | (3) | § |
| (cts. 1, 4 – 6) | | § |
| PEDRO ROJO, | (4) | § |
| (cts. 1 and 7) | | § |
| HUBER CORNEJO, | (5) | § |
| (cts. 1 and 3) | | § |
| OSMEL SERRANO, | (6) | § |
| (cts. 1 and 4) | | § |
| JUAN CANTARERO, | (7) | § |
| (cts. 1 and 5) | | § |
| EVELIO VILLALBA, | (8) | § |
| (cts. 1 and 5) and | | § |
| REILANDIS FLORAT, | (9) | § |
| (cts. 1 and 5) | | § |
| defendants. | | § |

**INDICTMENT**

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**(Conspiracy to Possess with Intent to Distribute)**

From on or about May 1, 2014 through November 30, 2015, in the Houston

Division of the Southern District of Texas, and elsewhere, the defendants,

**JORGE ROJO-VILLA,**

**JOSE ROJO-VILLA,**

**MARIA VILLA,**

**PEDRO ROJO,**

**HUBER CORNEJO,**

**OSMEL SERRANO,**

**JUAN CANTARERO,**

**EVELIO VILLALBA,**
**and**
**REILANDIS FLORAT**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and others known and unknown to the Grand Jury, to possess with intent to distribute a controlled substance. This violation involved 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine and 500 grams or more of a mixture and substance containing a detectable amount of cocaine, both Schedule II controlled substances.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(viii), (b)(1)(B)(ii) and 846.

## COUNT TWO
**(Possession with Intent to Distribute)**

On or about May 27, 2014, in the Houston Division of the Southern District of Texas and elsewhere, defendant herein,

**JORGE ROJO-VILLA**

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

## COUNT THREE

**(Aiding and Abetting Possession with Intent to Distribute)**

On or about July 31, 2014, in the Houston Division of the Southern District of Texas and elsewhere, the defendants,

### JORGE ROJO-VILLA,

### JOSE ROJO-VILLA,
### and
### HUBER CORNEJO

aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FOUR
**(Aiding and Abetting Possession with Intent to Distribute)**

On or about October 7, 2014, in the Houston Division of the Southern District of Texas and elsewhere, the defendants,

### JORGE ROJO-VILLA,

### MARIA VILLA,
### and
### OSMEL SERRANO

aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(A)(viii) and Title 18, United States Code, Section 2.

## COUNT FIVE
### (Aiding and Abetting Possession with Intent to Distribute)

On or about April 16, 2015, in the Houston Division of the Southern District of Texas and elsewhere, the defendants,

### MARIA VILLA,

### JUAN CANTARERO,

### EVELIO VILLALBA,
### and
### REILANDIS FLORAT

aiding and abetting each other and others, known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SIX
### (Possession with Intent to Distribute)

On or about August 11, 2015, in the Houston Division of the Southern District of Texas and elsewhere, defendant herein,

### MARIA VILLA

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(C).

## COUNT SEVEN
### (Possession with Intent to Distribute)

On or about November 18, 2015, in the Houston Division of the Southern District of Texas and elsewhere, defendant herein,

## PEDRO ROJO

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1); 841(b)(1)(C).

## NOTICE OF CRIMINAL FORFEITURE

Pursuant to Title 21, United States Code, Section 853, the United States gives notice to defendants:

**JORGE ROJO-VILLA,**

**JOSE ROJO-VILLA,**

**MARIA VILLA,**

**PEDRO ROJO,**

**HUBER CORNEJO,**

**OSMEL SERRANO,**

**JUAN CANTARERO,**

**EVELIO VILLALBA,**
**and**
**REILANDIS FLORAT**

that, in the event of conviction of an offense in violation of Title 21, United States Code, Sections 841 or 846, the following is subject to forfeiture:

(1)    all property constituting, or derived from, any proceeds obtained, directly or

indirectly, as the result of such violations; and

(2)    all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations.

## Property Subject to Forfeiture

Defendants are notified that the property subject to forfeiture includes, but is not limited

to:

(1) The real property and improvements located at 1223 West Hart Avenue, Pasadena,

Texas 77506 and legally described as:

> Lot One (1), in Block Two (2) of WESTOVER ADDITION, SECTION ONE (1), a subdivision in Harris County, Texas, according to the map or plat thereof recorded in Volume 29, Page 41 of the Map Records of Harris County, Texas.

(2) HS Products (IM Metal), model XD9, 9mm caliber pistol, SN:US835208

(3) 12 rounds of 9mm caliber ammunition

(4) Remington Arms Company, 870 Police Magnum, 12-gauge shotgun, SN:AB429233M

(5) 5 rounds of Federal 12-gauge ammunition

(6) Mossberg, 500AB, 12-gauge shotgun, SN:B75867

(7) 3 rounds of Remington 12-gauge ammunition

(8) Ruger, New Model Single Six, .22 caliber revolver, SN:64-29247

(9) Lanber Armas, 2004 LCH, 12-gauge shotgun,  SN:13-03-09620-01-12-76

(10) 1 round of Federal 12-gauge ammunition

(11) SWD Street Sweeper, 12-gauge combat shotgun, SN:6499

(12) 8 rounds of Spartan France 12-gauge ammunition

(13) Smith & Wesson, M&P 15, 5.56mm caliber rifle, SN:SU28718

(14) 34 rounds of unknown caliber assorted ammunition

(15) 62 rounds of unknown caliber assorted ammunition

(16) Glock (GMBh), model 20Gen4, 10mm caliber pistol, SN:XNP084

(17) 9 rounds of 10mm caliber ammunition

(18) 60 rounds of unknown caliber assorted ammunition

(19) 6 rounds of 5.7 mm caliber ammunition

(20) 199 rounds of unknown caliber assorted ammunition

(21) 1260 rounds of 7.62 mm caliber ammunition

## Money Judgment

Defendants are notified that in the event of conviction, a money judgment may be imposed equal to the total value of the property subject to forfeiture.

## Substitute Assets

Defendants are notified that in the event that property subject to forfeiture, as a result of any act or omission of defendants,

(A) cannot be located upon the exercise of due diligence;

(B) has been transferred or sold to, or deposited with, a third party;

(C) has been placed beyond the jurisdiction of the court;

(D) has been substantially diminished in value; or

(E) has been commingled with other property that cannot be divided without difficulty,

the United States will seek to forfeit any other property of the defendants up to the total value of

the property subject to forfeiture pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL

Original Signature on File

FOREPERSON OF THE GRAND JURY

KENNETH MAGIDSON,
United States Attorney

By: RICHARD J. MAGNESS
Assistant United States Attorney
(713) 567-9527